**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2381-16T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ADEL MIKHAEIL, a/k/a
ADAL MIKHAAIL,

     Defendant-Appellant.

_____

Submitted May 2, 2018 – Decided January 31, 2019

Before Judges Fuentes, Koblitz and Suter.

On appeal from Superior Court of New Jersey, Law Division, Morris County, Indictment No. 08-09-0232.

Joseph E. Krakora, Public Defender, attorney for appellant (Lee March Grayson, Designated Counsel, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Lila B. Leonard, Deputy Attorney General, of counsel and on the brief).

The opinion of the court was delivered by

FUENTES, P.J.A.D.

Defendant Adel Mikhaeil appeals from the order of the Criminal Part denying his post-conviction relief (PCR) petition.   We affirm.

At all times relevant to this case, defendant worked as a bounty hunter. On September 29, 2008, a State Grand Jury returned a multicount indictment against defendant that charged him with multiple counts of second degree conspiracy to commit official misconduct, N.J.S.A. 2C:3-2, second degree offering an unlawful benefit to a public servant for official behavior, N.J.S.A. 2C:27-11, third degree theft by deception, N.J.S.A. 2C:20-4, third degree commercial bribery, N.J.S.A. 2C:21-10, two counts of fourth degree falsifying records, N.J.S.A. 2C:21-4(a), second degree financial facilitation of criminal activity, N.J.S.A. 2C:21-27, third degree witness tampering, N.J.S.A. 2C:28-5(a), third degree hindering apprehension, N.J.S.A. 2C:29-3,  and fourth degree fabricating physical evidence, N.J.S.A. 2C:28-6(2).

On September 19, 2012, defendant pled guilty to all of the counts in the indictment without an agreement with the State with respect to the terms of his sentence.  On February 26, 2013, the court granted defendant's application to withdraw his guilty plea and stand trial.  On December 26, 2013, the court

granted defendant's application to discharge his attorney and proceed pro se. However, the court appointed his previous attorney to act as standby counsel throughout the trial. Jury selection began on January 5, 2015. The trial judge denied defendant's motion seeking the judge's recusal, the recusal of the Deputy Attorney General assigned to represent the State, and a motion to stay the trial.

On January 7, 2015, defendant entered into a negotiated plea agreement with the State, the terms of which were memorialized in a letter from the Deputy Attorney General dated December 15, 2014. Defendant thus pled guilty to one count of second degree conspiracy to commit official misconduct, two counts of second degree official misconduct, one count of second degree offering an unlawful benefit to a public servant for official behavior, third degree theft by deception, two counts of third degree commercial bribery, two counts of fourth degree falsifying or tampering with records, third degree hindering apprehension, and fourth degree tampering with evidence.

With respect to sentencing, the December 15, 2014 plea agreement letter provided in relevant part:

> [T]he State shall . . . recommend that the defendant be sentenced to a term in State Prison within the second degree range, between five (5) and ten (10) years, with no period of parole ineligibility, with the sentences for each of the charges to which defendant has pleaded guilty to run concurrently.

3

At sentencing, both the defendant and the State shall be free to argue for whatever term each deems appropriate, provided the recommended sentence falls within the agreed upon range of between five (5) and ten (10) years in State Prison.

The State shall also agree <u>not</u> to object to the defendant's admission into the Intensive Supervision Program ("ISP"), should he be deemed a suitable candidate for ISP, provided that the defendant, at the time of his release, has served at least six (6) months of his State prison sentence, including any jail time credit to which the defendant is entitled, as determined by the [c]ourt. Nothing in this plea agreement shall be deemed to prevent or preclude defendant from submitting his application for ISP or beginning the ISP application process <u>before</u> serving six (6) months of his State [P]rison sentence term, including any jail credit to which the defendant may be entitled.

Defendant appeared for sentencing on March 27, 2015. Before imposing sentence, the judge heard and denied defendant's motion to withdraw his guilty plea. The judge thereafter sentenced defendant in accordance with the plea agreement to an aggregate term of six years imprisonment, without any period of parole ineligibility. The judge found aggravating factors N.J.S.A. 2C:44-1(a)(3), the risk defendant will commit another offense, and N.J.S.A. 2C:44-1(a)(9), the need to deter this defendant and others from violating the law; the judge also found mitigating factors N.J.S.A. 2C:44-1(b)(2), defendant did not contemplate his conduct would or could cause serious harm, and N.J.S.A. 2C:44-1(b)(7),

defendant did not have any history of criminal activity as an adult or delinquency as a minor. Defendant was fifty years old at the time of sentencing.

Defendant appealed the sentence through the summary process provided under Rule 2:9-11. While the appeal was pending, the ISP Screening Board notified defendant in a letter dated August 18, 2015 that he was not eligible due to the (1) serious nature of the of offenses; (2) defendant's "needs exceeded the scope and resources of the program"; and (3) "[a]bsence of sincerity and motivation needed to carry out programmatic obligations." Thereafter, this court affirmed defendant's sentence. State v. Adel Mikaeil, Docket No. A-4245-14 (App. Div. October 28, 2015).

On July 1, 2016, defendant filed this PCR petition pro se claiming the denial of his ISP application as a basis for relief. In a certification submitted in support of the petition, defendant stated that at the time he pled guilty he "had already been assured by my standby attorney I was a good candidate for ISP and that I would be admitted to the program if the judge agreed to it." Throughout the certification, defendant repeatedly asserts that: "No one, including my standby counsel, ever informed me that my offenses could be considered too serious for admission to ISP."

Judge Thomas J. Critchley, Jr., assigned an attorney to represent defendant in the prosecution of the PCR petition. PCR counsel submitted a brief arguing defendant was denied the effective assistance of counsel when his standby attorney advised him that he was to be admitted into ISP provided the trial judge did not object. PCR counsel also argued that defendant "must be released from custody" as a matter of fundamental fairness. Judge Critchley heard oral argument from counsel on September 6, 2016. Judge Critchley denied defendant's petition in an order dated November 3, 2016. The order also included his reasons for denying defendant's petition. Judge Critchley stated:

> The factual assertion underlying [d]efendant's claim is that he was "guaranteed" at the time of his guilty plea that he would be accepted into the Intensive Supervision on Parole program (ISP), and that the subsequent failure of that program to accept him entitled to him to withdraw his guilty plea.
>
> The [d]efendant's claim of ineffective assistance of counsel must be considered in the light of the fact that at the time of the plea he was voluntarily proceeding pro se. The trial court conducted a comprehensive hearing on this issue on December 22, 2014, and found that [d]efendant's decision to affirmatively waive his right to counsel and exercise instead his right to represent himself was made "knowingly, intelligently, and voluntarily." (The [c]ourt further determined that [d]efendant's previously court-appointed counsel would continue to serve in the role of "standby counsel.")

As a matter of law, by affirmatively waiving his right to counsel and instead representing himself, [d]efendant effectively relinquished any right to seek post-conviction relief for alleged "ineffective assistance of counsel." State v. King, 210 N.J. 2, 18 (2012) . . . [.]

Judge Critchley also found that defendant's "assertions that he was guaranteed that he would be admitted into ISP after serving 6 months are not supported by the comprehensive record made in this case."

Against this factual backdrop, defendant appeals raising the following argument.

POINT I

THE PCR COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT STANDBY COUNSEL MISLED HIM INTO BELIEVING THAT HE WAS AN IDEAL CANDIDATE FOR THE INTENSIVE SUPERVISION PROGRAM (ISP) AND FAILED TO ADEQUATELY ADVISE HIM THAT THE SERIOUSNESS OF HIS CRIMES AND OTHER FACTORS WOULD PRECLUDE HIM FROM ADMISSION INTO ISP.

POINT II

UNDER THE FUNDAMENTAL FAIRNESS DOCTRINE, THE PCR COURT ERRED BY NOT RELEASING THE DEFENDANT FROM CUSTODY IN ORDER TO FULFILL HIS REASONABLE

EXPECTATIONS AT THE TIME OF THE PLEA HEARING OR, ALTERNATIVELY, ALLOWING THE DEFENDANT TO WITHDRAW HIS GUILTY PLEAS.

POINT III

THE PCR COURT ERRED BY NOT GRANTING AN EVIDENTIARY HEARING.

We reject these arguments and affirm substantially for the reasons expressed by Judge Critchley in his well-reasoned order-opinion dated November 3, 2016. Defendant knowingly waived his right to counsel. As the Supreme Court reaffirmed in King, a defendant's decision to represent himself in a criminal proceeding "is about respecting a defendant's capacity to make choices for himself, whether to his benefit or to his detriment." 210 N.J. at 17 (quoting State v. Reddish, 181 N.J. 553, 585-86 (2004)).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

8